IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-50668
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEITH GREGORY WILSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-40-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Keith Gregory Wilson appeals his convictions for possession with intent to distribute cocaine and for possession of a firearm during the commission of that crime. He challenges district court rulings on two motions to suppress evidence.

Wilson contends that the district court erred by denying an evidentiary hearing on whether the search warrant for his motel room was based on a deliberately false affidavit. He argues that the warrant affidavit concerned a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

check theft and forgery scheme but police subjectively intended to search for illicit drugs. At most, Wilson has alleged that the affidavit was incomplete. He did not allege that it contained any deliberately false statement.

The affidavit provided probable cause to search Wilson's motel room for a variety of incriminating items connected to the check forgery and theft scheme, including illegal drugs traded for forged or stolen checks. Where there is an objectively reasonable justification for a search, the officers' subjective intent is irrelevant. Brigham City, Utah v. Stuart, 547 U.S. 398, 404-05 (2006). Accordingly, Wilson's offer of testimony to show that officers intended to seek evidence of drug trafficking was irrelevant. Because Wilson did not make a preliminary showing that the warrant affidavit was deliberately false or made in reckless disregard of the truth, he was not entitled to an evidentiary hearing. See Franks v. Delaware, 438 U.S. 154, 171 (1988).

Wilson contends that a traffic stop during which he was detained and then arrested for driving while intoxicated was an arrest from its inception and unsupported by probable cause. Even if we were to assume that the traffic stop was an unlawful arrest, which we do not, Wilson does not identify any relevant evidence that had even the most attenuated connection to the traffic stop. By failing to identify any evidence that was wrongly admitted, Wilson abandoned the issue of whether any "fruit" was gathered from the alleged "poisonous tree" of the traffic stop. See United States v. Singh, 261 F.3d 530, 535 (5th Cir. 2001) (explaining exclusionary principles); see also United States v. Reyes, 300 F.3d 555, 558 n.2 (5th Cir. 2002) (failure to provide analysis of issue results in waiver). The record shows that all of the evidence relevant to Wilson's conviction was seized pursuant to the valid execution of the motel search warrant that was independent of the traffic stop.

The judgment of the district court is AFFIRMED.